UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER WARREN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:14-cv-00605-TWP-DKL |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) ) |

### ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Christopher Warren ("Mr. Warren") challenging a prison disciplinary proceeding identified as No. IYC 13-06-0189. Respondent Brian Smith is sued in his capacity as Superintendent of the Plainfield Correctional Facility ("Plainfield"). For the reasons explained in this Entry, Mr. Warren's petition must be **denied**.

### I. BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

A.     **The Disciplinary Proceeding**

On June 18, 2013, Officer C. Stilwell, a correctional officer at Plainfield, wrote a Report of Conduct ("Conduct Report") charging Mr. Warren with conspiracy or attempting to commit a battery resulting in a serious bodily injury. The Conduct Report states the following:

> On June 18, 2013, at approximately 1222 hours, I, C Stilwell, interviewed Offender Christopher Warren #231448 who admits that he and his cellmate were making hard candy to sell for soups in N-Unit. During the making of these hard candies, razor blades were being placed into the candy with the intent of committing serious bodily harm to others. When Offenders began getting cut while eating this candy they retaliated against Warren.

On June 19, 2013, Mr. Warren was notified of the charge of conspiracy or attempting to commit a serious bodily injury and served with the Notice of Disciplinary Hearing ("Screening Report"). The Screening Report notified Mr. Warren of his rights.

Mr. Warren pled not guilty and requested 24-hours' notice of his hearing. He requested the assistance of a lay advocate, asked to call Offender David Burge as a witness, and sought to obtain what appears to be video evidence of "[the] N-Unit overlooking [the] microwave – in morning – making candy." Plainfield concluded that there was no video evidence available to be viewed.

On June 24, 2013, a hearing officer conducted a disciplinary hearing in Mr. Warren's case. Officer El-Khatib served as Mr. Warren's lay advocate. During the hearing, Mr. Warren stated as follows: "The person that I called as a witness was selling candy, I was the only one jumped[;]this was a set up. They were trying to steal from me. The candy we were making disappeared." (Filing No. 11-3 at p. 1.)

In lieu of testifying, Offender Burge provided a written statement that "I don't know nothing or him personally." (Filing No. 11-3 at p. 3.)

2

At the conclusion of the proceeding, the hearing officer found Mr. Warren guilty of the charge of conspiracy or attempting to commit a serious bodily injury. The hearing officer relied upon staff reports, Mr. Warren's statement, and evidence from the witnesses. At the end of the hearing and based upon the hearing officer's recommendations, the following sanctions were imposed: a 365-day disciplinary segregation; a 320-day deprivation of earned credit time, and demotion of credit class.

As set forth above, Mr. Warren appealed the imposition of these sanctions to the head of the correctional facility and to the Final Reviewing Authority. Mr. Warren raises six grounds for appeal to both Plainfield and the Indiana Department of Correction ("DOC").

**B.    Analysis**

    **1.    Procedural Default**

Mr. Warren's petition raises seventeen grounds for relief. Before Plainfield facility and the DOC, however, he set forth only six grounds, specifically: 1) an absence of evidence or statements against him; 2) an incorrect listing of the date of the offense resulting in the denial of video evidence; 3) a failure by Plainfield personnel to watch relevant video evidence; 4) an insufficient investigation into his offense; 5) the harshness of the sanctions against him; and 6) an incorrect conclusion that he was a perpetrator instead of a victim.

The Respondent argues that only the six claims identified in Mr. Warren's administrative appeals may proceed in this action. The Respondent is correct; all of the other claims are procedurally defaulted because they were not presented to the Final Reviewing Authority. *See Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the ... Final Reviewing Authority...."). The form used by Mr. Warren in filing his petition allows space for a

petitioner to explain why he did not raise a particular issue in his direct appeal. Mr. Warren left this question blank and has provided the Court with no explanation for excusing his procedural default. Accordingly, only the six issues identified above (to the extent they implicate Mr. Warren's due process rights) will be further considered.

### 2. Sufficiency of the Evidence

Mr. Warren argues that there was an absence of evidence or statements against him, that the hearing officer incorrectly concluded that he was a perpetrator instead of a victim, and that the Conduct Report included an incorrect date. These arguments attack the sufficiency of the evidence.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the Conduct Report in No. IYC 13-06-0189 that Mr. Warren was conspiring or attempting to commit a battery resulting in a serious bodily injury. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

The Disciplinary Code for Adult Offenders ("ADP") DOC Policy 02-04-101 categorizes as a Class A offense Assault/Battery (102) as: "[c]omitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." The ADP also categorizes as a Class A offense Conspiracy/Attempting/

Aiding or Abetting (111), which is defined as follows: "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense."

It is well settled that a conduct report alone may provide "some evidence" of guilt. *McPherson*, 188 F.3d at 786.  The Conduct Report clearly states that Mr. Warren admitted to Officer Stilwell that he and his cellmate made candy that contained razor blades to sell to other offenders.  This evidence is sufficient to find Mr. Warren guilty of conspiracy or attempting to commit a battery causing serious bodily injury on another.  In addition, Mr. Warren does not deny that he participated in inserting razor blades into the homemade candy.  Accordingly, the evidence sufficiently supports the disciplinary conviction and no relief is warranted on this basis.

### 3. Due Process

In addition to some evidence to support the charge, the right to due process in the prison disciplinary setting requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, and a written statement articulating the reasons for the disciplinary action and the evidence justifying it.  Mr. Warren received each of these protections.

Mr. Warren's assertion that he is entitled to relief because Plainfield personnel did not watch relevant video evidence of the N-Unit microwave recorded on the morning in question is without merit because no such evidence existed.  No relief is warranted on this basis.

## II. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Warren to the relief he seeks.

Accordingly, Mr. Warren's Petition for a Writ of Habeas Corpus (Filing No. 1) must be **DENIED** and the action **dismissed**. Judgment consistent with this Entry shall now issue.

      **SO ORDERED.**

Date: 9/22/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kyle Hunter
OFFICE OF THE INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

Christopher Warren, #231448
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana  46168